E-FILED
Wednesday, 31 August, 2011 03:02:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-4063 |
| ) | |
| THIRTEEN THOUSAND FIVE HUNDRED ) | |
| AND 00/100 ($13,500.00) DOLLARS IN U.S. ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

This matter is now before the Court on the Government's Motion to Strike Answer and Claim of Chandler Caton ("Caton") Due to Lack of Standing. For the reasons set forth below, the Motion to Strike [#13] is GRANTED.

### DISCUSSION

There are two different types of standing at issue in a forfeiture proceeding such as this: statutory standing and Article III standing. Pursuant to Rule C(6)(a)(i)(A) of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure:

> [A] person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right . . . within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4).

The verified claim states the claimant's interest in the property, by virtue of which the claimant demands restitution and the right to defend the action. United States v. United States Currency in the amount of $2,857.00, 754 F.2d 208, 212-13 (7th Cir. 1984). If the procedural requirements of Rule C(6)(a)(i)(A) are not met, the claimant lacks statutory standing to defend and contest the forfeiture. Id.; United States v Commodity Account No. 549 54930 at Saul Stone & Company, 219

F.3d 595, 598 (7th Cir. 2000) (noting that strict compliance with the rules is required to establish standing).

The second type of standing is Article III standing. This requires a claimant to demonstrate that he has a sufficient interest in the property at issue to give him standing in the constitutional sense, that is to establish that there is an actual case or controversy. United States v. $103,387.27 in U.S. Currency, 863 F.2d 555, 561 (7th Cir. 1988), *citing* United States v. $38,000 in U.S. Currency, 816 F.2d 1538, 1543 (11th Cir. 1987). Absent Article III standing, federal courts lack jurisdiction to consider claims in forfeiture proceedings, and it is Article III standing that is at issue here.

Caton claims that he is the owner of the currency at issue in this proceeding. The record reflects that the currency was posted as cash bond for Carl Ernst by Marsha Ernst Tolitson on February 5, 2010. Caton is not mentioned or otherwise indicated as the source of the currency on the bond receipt, the cashier's check, or any other document of record.

Caton contends that the money came from a home equity loan that he took out and attaches copies of bank statements in support of this contention. However, the bank statements indicate that his equity line was fully exhausted as of June 2009 and had no available credit through May 2010. Furthermore, even assuming that Caton was once the owner of the currency, the record indicates that at some point, control over the money was transferred to either Ernst or Tolitson, and there is no evidence suggesting that Caton retained any dominion, possession, or control over the money. Having voluntarily transferred the currency to another, he was no longer the owner of the property and would at best then be an unsecured creditor of either Ernst or Tolitson with no right of claim against the Government. As such, he has no standing to pursue his claim in this case.

## CONCLUSION

For the reasons set forth above, the Government's Motion to Strike Claim of Chandler Caton Due to Lack of Standing [#13] is GRANTED, and Caton's claim in this matter is stricken.

ENTERED this 31st day of August, 2011.

<pre>
                                s/ James E. Shadid
                                James E. Shadid
                                United States District Judge
</pre>